1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERIC HARPER,

11             Plaintiff,                    No. CIV S-08-3154 EFB P

12        vs.

13   R. K. WONG, et al.,

14             Defendants.                   <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  He seeks leave to proceed *in forma pauperis*.  The case was referred to the

18   undersigned by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

19        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

20   Pursuant to 28 U.S.C. § 1915(b)(1), he must pay the $350 filing fee.  *See* 28 U.S.C. § 1914(a).

21   An initial partial payment of $11.50 is assessed pursuant to section 1915(b)(1).  Additionally, he

22   must make monthly payments of 20 percent of the preceding month's income credited to his trust

23   account.  28 U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall forward

24   payments from his account to the Clerk of the Court each time the amount in the account exceeds

25   $10 until the filing fee is paid.

26   ////

1    Finding that plaintiff meets the financial limitations does not end the matter.  The court

2  must screen the complaint pursuant to 28 U.S.C. § 1915A.  The court has done so and finds that

3  the complaint does not state a cognizable claim against any defendant.

4    Although plaintiff names three defendants, he does not allege what they did that gives

5  rise to a cause of action.  He claims that unidentified prison officials denied his request to be

6  moved from High Desert State Prison (hereafter "HDSP") to an institution closer to his mother,

7  who because of severe illness cannot visit plaintiff.  He contends that this violated a First

8  Amendment right to family visits.  He also seems to claim that this violates his Eighth

9  Amendment rights to be free of cruel and unusual punishment.  He further claims that prison

10  officials denied his appeal of this issue which, he says, was a violation of his due process rights.

11    Section 1983 creates a cause of action against any person who, under color of state law,

12  deprives a citizen or person within the jurisdiction of the United Sates of a constitutional right.

13  42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  A person deprives another "of a

14  constitutional right, within the meaning of section 1983, if he does an affirmative act,

15  participates in another's affirmative acts, or omits to perform an act which he is legally required

16  to do that causes the deprivation of which the plaintiff complains."  *Johnson v. Duffy*, 588 F.2d

17  740, 743 (9th Cir. 1978).  Unless plaintiff alleged facts connecting particular defendants to

18  specific conduct, he cannot state a claim for relief.

19    With respect to the First Amendment, "a prison inmate retains those First Amendment

20  rights that are not inconsistent with his status as a prisoner or with the legitimate penological

21  objectives of the corrections system," *Pell v. Procunier*, 417 U.S. 817, 822 (1974).  Thus, rules

22  governing inmate visitation "are peculiarly within the province and professional expertise of

23  corrections officials . . . ."  *Pell*, 417 U.S. at 827.  It therefore appears to be within the discretion

24  of prison officials to house plaintiff according to his classification and departmental budgetary

25  constraints, even if the result affects whether family members can visit him.  Thus, plaintiff has

26  not stated a First Amendment claim.

1    To state a claim for violation of the Due Process Clause of the Fourteenth Amendment, a

2    plaintiff must allege a defendant denied plaintiff a specific right protected by the federal

3    constitution without procedures required by the constitution to ensure fairness, or deliberately

4    abused his power without any reasonable justification in aid of any government interest or

5    objective and only to oppress in a way that shocks the conscience.  *Sandin v. Connor*, 515 U.S.

6    472, 483-84 (1995); *Daniels v. Williams*, 474 U.S. 327, 31 (1986); *Board of Regents of State*

7    *Colleges v. Roth*, 408 U.S. 564, 569 (1972).   Prisoners have "no legitimate claim of entitlement

8    to a grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S.

9    898 (1988).  Neither do they have a federally-protected interest in being housed at a particular

10   facility. *Meachum v. Fano*,  427 U.S. 215, 224 (1976); *Olim v. Wakinekona*, 461 U.S. 238,

11   245-49 (1983).  Under these standards, neither the handling of plaintiff's appeal nor the refusal

12   to transfer him violated his federal rights.

13   The outcome with respect to plaintiff's attempt to pursue his claims under the Eighth

14   Amendment is the same.  To state a claim that the conditions of confinement violate the Eighth

15   Amendment's prohibition on cruel and unusual punishment, plaintiff must allege that a specific

16   individual was deliberately indifferent to some basic human need such as food, clothing, shelter,

17   medical care or safety.  *See  Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991);  *Rhodes v. Chapman*,

18   452 U.S. 337, 347 (1981).  A prison official is deliberately indifferent when he knows of and

19   disregards a risk of injury or harm that "is not one that today's society chooses to tolerate."  *See*

20   *Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

21   Plaintiff's allegations do not establish any such conditions and are insufficient to state a claim

22   under this standard.

23   To pursue this action, plaintiff must file an amended complaint.

24   Any amended complaint must show that the federal court has jurisdiction and that

25   plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's

26   allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a

defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these

1   instructions.

2       A district court must construe a pro se pleading "liberally" to determine if it states a

3   claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

4   opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

5   However, the "[f]actual allegations must be enough to raise a right to relief above the speculative

6   level on the assumption that all the allegations in the compliant are true (even if doubtful in

7   fact)."  *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007)

8   (citations omitted).

9       An amended complaint must be complete in itself without reference to any prior

10  pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

11  files an amended complaint, the original pleading is superseded.

12      By signing an amended complaint he certifies he has made reasonable inquiry and has

13  evidentiary support for his allegations and that for violation of this rule the court may impose

14  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.  Prison rules

15  require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison

16  authorities for violation of the court's rules and orders.  *See* Cal. Code Regs. tit. 15, § 3005.

17      A prisoner may bring no § 1983 action until he has exhausted such administrative

18  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

19  *v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his

20  claims are warranted by existing law, including the law that he exhaust administrative remedies,

21  and that for violation of this rule plaintiff risks dismissal of his action.

22      Accordingly, the court hereby orders that:

23      1.  Plaintiff's request to proceed *in forma pauperis* is granted.

24      2.  Plaintiff shall pay the statutory filing fee of $350 and shall make an initial payment of

25  $11.50.   All payments shall be collected in accordance with the notice to the Director of the

26  California Department of Corrections and Rehabilitation filed concurrently herewith.

1       3.  The complaint is dismissed with leave to amend within 30 days.  Plaintiff shall file an

2  original and one copy of the amended complaint, which must bear the docket number assigned to

3  this case and be titled "First Amended Complaint."  Failure to file an amended complaint will

4  result in a recommendation this action be dismissed for failure to state a claim.  If plaintiff files

5  an amended complaint stating a cognizable claim the court will proceed with service of process

6  by the United States Marshal.

7  Dated:  July 17, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE