IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC HARPER,

        Plaintiff,                              No. CIV S-08-3154 EFB P

    vs.

R. K. WONG, et al.,                    ORDER AND FINDINGS
                                            AND RECOMMENDATIONS

        Defendants.

_____/

Plaintiff is a prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983. Currently pending is plaintiff's motion for a temporary restraining order and a preliminary injunction. Plaintiff seeks an order directing that the warden of HDSP and staff refrain from threatening him and harassing him in retaliation for pursuing lawsuits.

**I.    Relevant Procedural History**

This action proceeds on the initial complaint. In the complaint, plaintiff alleges that defendants violated his rights by denying his request to be moved from High Desert State Prison (hereafter "HDSP"), to an institution closer to his mother, who because of severe illness cannot visit plaintiff and by denying his administrative appeal of this matter. In the motion for preliminary injunctive relief, plaintiff alleges that since arriving at HDSP, unidentified staff have threatened him with violence both orally and in writing. He also alleges that he has been

1

subjected to physical abuse because he is a "Sensitive Needs Inmate."[1]  He does not identify by name any person who has threatened him or used excessive force against him.  In this regard, he alleges that HDSP staff and guards intentionally cover their name tags so that prisoners cannot identify them in grievances or in litigation.

## II.     Standards

A temporary restraining order is available to an applicant for a preliminary injunction when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction.  Fed. R. Civ. P. 65(b) (motion for preliminary injunction shall be set for hearing at earliest possible time after entry of temporary restraining order); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974) (temporary restraining order issued in state court expired ten days after action was removed to federal court); Wright, Miller & Kane, *Federal Practice & Procedure*, § 2951 (2d ed. 1995).  Here, the court addresses herein plaintiff's motion for a preliminary injunction and, accordingly, a temporary restraining order pending that ruling is unnecessary.

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action.  *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  The Ninth Circuit recently modified its standard for preliminary injunctive relief to conform to the Supreme Court's admonition in *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008), that the moving party must

---

[1] Plaintiff does not explain this term.

2

demonstrate that--absent an injunction--irreparable injury is not only possible, but likely.[2] *Stormans, Inc. v. Selecky*, Nos. 07-36039, 07-36040, 2009 WL 1941550 at *13 (9th Cir. July 8, 2009). Under the new standard, "preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc.*, at 13, quoting *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. at ___, 129 S.Ct. at 375-76. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

**III.    Analysis**

Plaintiff has not met the requirements for a preliminary injunction. He alleges that his rights to family visitation and to due process in the administrative appeals process have been violated. However, he has not presented evidence showing that prison officials have unconstitutionally interfered with any rights that he may have to visit with his mother. *See Pell v. Procunier*, 417 U.S. 817, 822, 827 (1974)(security concerns re the operation of a prison can justify limiting means of communication and visitation with persons outside the prison). Moreover, plaintiff does not have a federally-protected interest in a prison grievance procedure, *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988), or in being housed at a particular facility. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 245-49 (1983). Finally, insofar as he seeks to make an Eighth Amendment claim, plaintiff has not shown on this motion a deprivation of any basic human

---

[2] Under the previous standard a preliminary injunction could be granted "if the plaintiff 'demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" *Earth Island Inst. v. U.S. Forest Serv.*, 351 F.3d 1291, 1298 (9th Cir.2003) (internal quotation marks and citations omitted) (reversing the denial of a preliminary injunction where the district court had found that the mere *possibility* of such harm was speculative).

1  need. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Rhodes v. Chapman*, 452 U.S. 337,
2  347 (1981).

3  Further undermining plaintiff's motion is that he makes no connection between the
4  allegations in the complaint and the allegations in his motion.  Nor does he specify which
5  defendants, if any, participated in the wrongdoing alleged in the instant motion.  He alleges that
6  officers cover their name tags, thereby preventing him from naming them in this action.  But it is
7  possible that he could learn their identities from prisoners who have been at HDSP longer than
8  he.  Furthermore, he alleges that he has received written threats from staff.  It is unclear how he
9  would know that HDSP staff authored these notes unless they were signed.  Further casting
10 doubt on his allegations is the fact that he has not submitted these notes in support of his motion.
11 The court cannot issue a blanket order enjoining all defendants from engaging in conduct
12 without any evidence that they participated in wrongdoing.

13  Not only are the allegations in the motion wholly unrelated to the complaint, but it
14 appears that plaintiff could not support these allegations with evidence.  He has not submitted
15 copies of medical records, which might substantiate his claims of physical abuse.  Overall, he
16 has not presented evidence that anyone, much less the defendants in this action, engaged in any
17 wrongdoing that threatens plaintiff with imminent harm.  The court cannot find that plaintiff
18 faces an immediate threat of irreparable harm based on speculation.  *See Winter*, ___ U.S. at
19 ___, 129 S.Ct. at 375-76; *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir.
20 1998).

21  For these reasons, plaintiff has failed to demonstrate that he is entitled to a preliminary
22 injunction.

23 /////
24 /////
25 /////
26 /////

**IV.     Conclusion**

Plaintiff has not made the showings necessary to obtain a temporary restraining order or a preliminary injunction and his motion must be denied.

Accordingly, it is hereby ORDERED that the Clerk randomly assign a United States District Judge to this case.[3]

Further, it is RECOMMENDED that plaintiff's December 29, 2008, motion for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 6, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] This case is currently referred to the Magistrate Judge pursuant to Local Rule 72-302 (c)(17). Plaintiff returned the form for consenting or declining to have this case decided by a Magistrate Judge with both the "consent to jurisdiction" and "decline of jurisdiction" signed by the plaintiff and with both blocks unchecked. Dckt. No. 4.  Thus, he it is not clear that he has consented to jurisdiction ay a Magistrate Judge and this motion will be addressed by proposed findings and recommendations.